## Augusta E. Colton, Appellant, v. Board of Trustees of the Firemen's Pension Fund of Bloomington, Illinois, Appellee.

1. MUNICIPAL CORPORATIONS, § 143*—*when pension allowable to wife and children of deceased fireman.* Under section 8 of the Firemen's Pension Fund Act of 1887, as amended [Callaghan's 1916 St. Supp. ¶ 1895], providing that if any member of a fire department in a city which has created a pension fund "shall, while in the service of such fire department, be killed, or die as the result of injuries received while in such service or of any disease contracted by reason of his occupation, or if any member of such fire department shall, while in said service, die from any cause while in said service, or during retirement, or after retirement, after twenty (20) years' service as hereinafter provided, and shall leave a widow, minor child or minor children under sixteen years of age," etc., certain sums shall be paid to them monthly from the pension fund, a pension is allowable when a fireman is killed or dies from injuries or sickness contracted by reason of his service, no matter how long he has been in service, and when he dies from any cause not necessarily attributable to his occupation, either while in said service or during retirement, if, at the time of his death, he has served 20 years.

2. MUNICIPAL CORPORATIONS, § 143*—*when decision of board of trustees of pension fund that widow of fireman not entitled to pension sustained.* The decision of the board of trustees of a firemen's pension fund that the widow of a deceased fireman was

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

not entitled to a pension will be sustained where the right of the widow to a pension depends upon the question of fact whether her husband died by reason of injuries or illness received or caused by the performance of his duties as fireman, and none of the evidence of the witnesses on such question was preserved in the record of the board.

Appeal from the Circuit Court of McLean county; the Hon. SAIN WELTY, Judge, presiding. Heard in this court at the April term, 1918. Affirmed. Opinion filed July 15, 1918.

BARRY & MORRISSEY, for appellant.

STONE & DICK, for appellee.

MR. PRESIDING JUSTICE ELDREDGE delivered the opinion of the court.

This is a common-law writ of certiorari to review the action of the Board of Trustees of the Firemen's Pension Fund of Bloomington, Illinois, in denying a pension to appellant as the widow of Flurry Colton, deceased, and as guardian of their four children, under the age of 16 years. The court overruled the motion of appellant to quash the record but entered an order quashing the writ, to reverse which this appeal is prosecuted.

Flurry Colton was a member of the Fire Department of the City of Bloomington for about 15 years prior to September 18, 1912, on which date he died while in such service, leaving appellant, his widow, and four minor children, aged respectively 8, 6, 4 and 3 years. Appellant, as his widow, and as guardian of the children, on October 18, 1912, filed her application for a pension, which was refused on the ground that the pension fund on that date had not reached the minimum amount of $25,000. The fund did not reach this amount until March 2, 1916, after which she again renewed her application, but the board of trustees refused to grant her the pension. The original pension fund was created under the Firemen's

Pension Fund Act of 1887 (J. & A. ¶ 1888 *et seq.*), as amended. On July 1, 1915, a Revision Act [Callaghan's 1916 St. Supp. ¶ 1904(1) *et seq.*] went into force which repealed the Act of 1887.

Two of the reasons advanced by appellee in this case to sustain the action of the board of trustees in denying the pension were the same as those presented in the case of *Smith v. Board of Trustees of Firemen's Pension Fund of City of Bloomington, ante,* p. 122, and are disposed of by the opinion in that case, filed herewith, and need not again be discussed. A third contention, however, is raised in this case which was not presented in the *Smith* case, *supra.* Section 8 of the Act of 1887 as amended [Callaghan's 1916 St. Supp. ¶ 1895] provided: "If any member of such fire department shall, while in the service of such fire department, be killed, or die as the result of injuries received while in such service or of any disease contracted by reason of his occupation, or if any member of such fire department shall, while in said service, die from any cause while in said service, or during retirement, or after retirement, after twenty (20) years' service as hereinafter provided, and shall leave a widow, minor child or minor children under sixteen years of age, or dependent father or mother surviving, said board of trustees shall direct the payment from said pension fund of the following sums monthly, to wit:"

The point urged is that under the proper interpretation of this section the widow of a fireman, who died while in service, would not be entitled to a pension, if he died from any other cause than from being killed, or as a result of injuries received or by a disease contracted by reason of his service, unless he had been in the service 20 years at the time of his death. This section divides the conditions necessary for a pension into two classes: The first class includes (1) firemen who have been killed in the service; (2) who have died

as the result of injuries received in the service; and (3) who have died from any disease contracted by reason of his occupation. The second class includes any member of such fire department (1) who has died from *any cause* while in said service; or (2) during retirement; or (3) after retirement, after 20 years' service. In other words, the section provides that a pension is allowable when a fireman is killed or dies from injuries or sickness contracted by reason of his service, no matter how long he has been in such service. These are directly attributable to his occupation. The section also provides that a pension is allowable if he should die from any cause, not necessarily attributable to his occupation, either while in said service or during retirement, if, at the time of his death, he had served 20 years.

The application of appellant for a pension filed with the board of trustees sets out the facts that on April 29, 1909, her husband, while working as a fireman upon a fire which consumed the Bloomington Opera House, was struck by a hose, carrying a high pressure of water, upon the leg and upon the side; that the injury received to his side resulted in his death on September 18, 1912; that he had consulted a number of physicians and had submitted to four different operations in an attempt to be cured but had been unsuccessful. The record further shows that her renewed application made February 3, 1916, also stated that her husband died from injuries received while performing his duty. The record further shows that appellant appeared before the board with her attorney and witnesses and the latter were sworn and examined with reference to the cause of death of her husband. The record further shows that the board denied her petition without assigning any reason therefor. None of the evidence of these witnesses is preserved in the record of the board. The right of appellant to a pension depends upon the question of fact whether her husband

died by reason of injuries or illness received or caused by the performance of his duties as fireman.

For the reasons stated the judgment of the Circuit Court is affirmed.

*Affirmed.*